**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

SURGE SUPPLY LLC,

Plaintiff,

v.

WEEM LLC,

Defendant.

Civil Action No. ___________

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Surge Supply LLC, ("Surge") by and through undersigned counsel files this Complaint against WEEM LLC, a California limited liability company ("WEEM"), and in support thereof avers as follows:

## PREAMBLE

WEEM is a seller of various vitamin supplements including but not limited to *Hair.Skin.Nails* vitamin supplements. Surge purchased WEEM's *Hair.Skin.Nails.* vitamin supplements from WEEM's online marketplace, through Shopify. Thereafter, WEEM wrongfully issued a "counterfeit notice" with Amazon marketplace resulting in the termination of Surge's storefront marketplace from Amazon. This action seeks to enjoin WEEM from wrongfully alleging that Surge sold counterfeit WEEM goods and seeks monetary damages for WEEM's tortious activities.

## PARTIES

1. The Plaintiff, Surge Supply LLC, is a Maryland limited liability company with a principal place of business at 93 Monocacy Blvd, Suite A12, Frederick, Maryland, 21701 ("Surge"). Luke Rice is the sole member and registered agent of Surge.

2. Surge is in the business of lawfully acquiring and reselling various consumer goods through Amazon.

3. Surge has resold goods through an Amazon storefront identified as "Houdini" since 2023.

4. Defendant WEEM LLC is a California limited liability company with a principal address of 418 N. Ogden Drive, Suite A, Los Angeles, California 90036 ("WEEM"). WEEM may be served through its registered agent, Mendel Weinberger, at 418 N. Ogden Drive, Suite A, Los Angeles, California, 90036.

5. WEEM sells various vitamin supplements, including but not limited to, *Hair.Skin.Nails*.

6. Surge purchased WEEM products, specifically the *Hair.Skin.Nails* vitamin supplement from the WEEM online store available at weemco.com.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by §39 of the Lanham Act, 15 U.S.C. §1121, and by 28 U.S.C. §§1331 and 1338.

8. The Court has supplemental jurisdiction over Surge's state law claims under 28 U.S.C. §1367.

9. Defendant is subject to the Court's personal jurisdiction with respect to this action pursuant to, inter alia, Maryland's long-arm statute, Md. Code Ann., Courts & Jud. Proc. § 6-103(b)(1)-(2), as persons transacting business within the state of Maryland and supplying goods in the State.

10. Venue is appropriate in this district pursuant to 28 U.S.C. §§1391(b) and (c) because WEEM is a corporation subject to personal jurisdiction of this Court.

## BACKGROUND FACTS

11. Surge resells goods through various channels, including through an Amazon storefront named "Houdini."

12. In strict compliance with Amazon's policies and brand standards, Surge ensures product authenticity through rigorous inspections, including validation of serial numbers, packaging and supplier credentials.

13. Beginning on or around March 11, 2026, Surge began purchasing WEEM's *Hair.Skin.Nails* vitamin supplements (the "Product") through the WEEM Storefront, via Shopify and other marketplaces.

14. Between March 11, 2026 and August 18, 2026, the Houdini storefront sold roughly $51,162.60 worth of the Product.

15. On August 18, 2026, Surge received notification from Amazon.com that "your account is at risk of deactivation" due to a report that counterfeit Product is being sold in violation of owner's rights for WEEM (a copy of the August 18, 2026 and August 24, 2026 notifications from Amazon are attached hereto as Exhibit A).

16. The Amazon notification indicates that WEEM reported that the items sold by Surge, which were purchased from the WEEM website through Shopify, were counterfeit and inauthentic.

17. Surge resold WEEM's genuine and authentic goods on Amazon after purchasing them from the WEEM website through Shopify.

19. Surge received an Amazon.com order for ASIN: B08FGZSW8L, which Surge suspects was a "test buy" from WEEM or its agents.

20. On August 24, 2026, Surge received another notification from Amazon.com stating WEEM had reported that Surge was listing counterfeit Product,

resulting in Amazon directing that Surge’s account would be deactivated unless corrective action was taken within 3 days.

21. On September 18, 2026, Amazon deactivated Surge’s Amazon storefront.

**AMAZON ONLINE MARKETPLACES**

22. Amazon is the world's largest online retailer.

23. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html (last visited September 18, 2026).

24. Amazon's online e-commerce platform allows for third-parties, like Surge, to sell goods on its e-commerce platform.

25. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

26. Since approximately April 2023, Surge has had a contractual and business relationship with Amazon, allowing Surge to sell goods on Amazon's e-commerce platform.

27. Third-party sellers, like Surge, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Surge has the online equivalent of a brick-and-mortar store.

28. Nearly all of Surge's business is derived from the sale of goods on Amazon and, in particular, through its Amazon storefront.

29. Once Surge acquires goods from reputable sources, Surge resells the same goods on Amazon at a profit.

30. In general, transactions on Surge's Amazon storefront are completed by Amazon, whereby Amazon ships Surge's goods from an Amazon warehouse (known as “Fulfillment by Amazon” or “FBA”).

31. Surge has invested significant efforts into building a successful and reputable Amazon storefront.

**AMAZON’S HANDLING OF COUNTERFEIT CLAIMS**

32. Amazon.com takes counterfeit complaints by brands very seriously.

33. It is standard practice for Amazon to block a seller’s ability to sell goods after it receives a complaint about counterfeit goods.

34. Additionally, Amazon maintains account metrics referred to as “Account Health,” consisting of a numeric grade of points between 0-1000.

35. Each seller on Amazon begins with 200 Account Health points and may gain additional points by selling goods on Amazon.com.

36. When a brand submits a counterfeit complaint against a seller, Amazon assesses Account Health deductions against the seller for policy violations.

37. If multiple counterfeit complaints are submitted against a seller, Amazon may also assess “repeat offender” violations against sellers.

38. If Account Health drops below a certain threshold, a seller is automatically deactivated from selling on Amazon.com.

39. While Amazon takes counterfeit claims seriously, Amazon does not conduct independent investigations on a seller or product for a complaint beyond

verifying that the complainant is the trademark owner and verifying that the complaint has stated a valid reason for delisting, such as claiming the product is counterfeit.

40. Upon information and belief, WEEM falsely indicated that the Product sold by Surge is counterfeit which defamed and caused substantial harm to Surge.

**WEEM ATTEMPTS TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS**

41. Upon information and belief, WEEM seeks to increase its profits by controlling the distribution and pricing of its goods, including the *Hair.Skin.Nails* Product, through unlawful means.

42. Unable to eliminate third-party sales simply because they are “unauthorized,” WEEM sent fraudulent IP complaints to Amazon alleging that Surge was selling counterfeit Product.

43. As demonstrated below, WEEM has engaged in a coordinated effort to preclude Surge from reselling genuine Product on online marketplaces by false allegations of intellectual property infringement and defamation.

44. The purpose of these false complaints and defamatory statements was to prevent Surge from selling genuine Product on Amazon.

45. The purpose of these false complaints was to damage Surge's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Surge.

46. Because Surge sells only genuine Product through its Amazon storefront, WEEM has no legitimate intellectual property claim(s) against Surge.

47. It is well-known among brand owners, such as WEEM, that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

48. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added) (last visited September 18, 2026).

49. On information and belief, WEEM was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

50. Upon information and belief, WEEM was, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

51. WEEM filed complaints with Amazon that alleged that Surge was selling "counterfeit" Product, despite having access to the numerous orders Surge has placed with WEEM.

52. WEEM knew, or should have known, that these allegations were false.

53. WEEM's allegations of counterfeiting were objectively unreasonable sham submissions made in bad faith in an effort to prevent Surge's resale of genuine WEEM Product on Amazon's e-commerce platform.

54. On information and belief, the complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of WEEM.

55. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."
>
> "I understand that, if accepted, the information included in this report may be shared by Amazon with all the reported sellers, with the exception of any order ID number(s)."
>
> "I understand that submitting false or inaccurate complaints against other sellers may result in the suspension or termination of my Amazon selling privileges."

Report Infringement, https://www.amazon.com/report/infringement (last visited September 18, 2026).

56. As noted above, WEEM identified the Product sold by Surge as counterfeit.

57. WEEM identified the Product as "counterfeit" when the Product was genuine.

58. WEEM identified the Product as "counterfeit" in the above report when the product was authentic, manufactured, and distributed by WEEM.

59 . On information and belief, WEEM's allegation that the Product was counterfeit was knowingly false and made in bad faith.

**WEEM DID NOT RETRACT ITS FALSE REPORTS**

60. Surge has sought in good faith to resolve the above-referenced dispute with WEEM. WEEM, despite having no support for their allegations, has not retracted the complaint or cleared the Amazon account.

61. On no less than seven separate occasions, beginning on August 18, 2026, and ending on August 20, 2026, Surge requested that WEEM retract its complaint, and on all occasions was ignored.

62. To date, WEEM has failed to provide support for its allegations that Surge has sold "counterfeit" WEEM Product and has not retracted their complaint.

**HARM TO PLAINTIFF**

63. As a result of WEEM's false complaints, Surge's listing relating to the Product has been suspended, resulting in loss of revenue.

64. Due to Amazon's well-known practice of issuing full selling suspensions in response to complaints against Amazon sellers, WEEM's actions could, and have, resulted in the loss of Surge's ability to sell any goods on Amazon.

65. On information and belief, WEEM was aware that complaints to Amazon, particularly those alleging the sale of counterfeit goods, result in selling suspensions.

66. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Surge's marketplace listings, control pricing and eliminate fair competition.

67. As a result of WEEM's false complaints, Surge's performance metrics were irreparably damaged.

68. The following causes of action are asserted based on the foregoing facts:

COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK;

COUNT II – VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a);

COUNT III – TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS;

COUNT IV – COMMERCIAL DEFAMATION;

COUNT V – TRADE LIBEL;

COUNT VI – FALSE AND MISLEADING REPRESENTATION, UNFAIR COMPETITION, AND PRODUCT DISPARAGEMENT PURSUANT TO 15 U.S.C. §1125; AND

COUNT VII – UNFAIR COMPETITION.

**<u>COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK</u>**

69. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

70. WEEM has accused Surge of infringing its intellectual property, including, on information and belief, purported trademark rights in the Product associated with WEEM.

71. Surge contends that it has never infringed on any of WEEM's purported trademarks, and in particular, its purchase and resale of Product associated with WEEM are lawful under the First Sale Doctrine.

72. WEEM requested removal of Surge's Product associated with WEEM or otherwise complained to Amazon about the alleged infringement.

73. Upon information and belief, WEEM plans to continue to interfere with Surge's business in the aforementioned manner for the indefinite future.

74. Surge seeks to sell WEEM Product on Amazon and elsewhere on the Internet, but as a result of WEEM's actions, is unable to do so. As a result, Surge continues to lose profits and suffer damage to its business and reputation.

75. As a result of WEEM's assertion of claims against Surge for infringement of WEEM's purported trademark rights, there is a definite and concrete dispute touching the legal relations of the parties to this action.

76. There is a real and actual controversy between Surge and WEEM regarding whether the continued sale of Surge's Product is lawful or whether it infringes WEEM's rights, and whether Surge has engaged in selling counterfeit Product, which Surge has not done.

77. A Declaratory Judgment is appropriate only when there is a justiciable controversy about the rights and status of the Parties (as there are in this case), and the declaration would resolve the controversy.

78. The controversy must be real and substantial, involving a genuine conflict of tangible interests and not merely a theoretical dispute. The facts of this case show that the controversy is real and substantial, involving a genuine conflict of tangible interests and not merely a theoretical dispute.

79. Surge therefore seeks an order declaring that Surge does not infringe WEEM's purported trademark rights.

**COUNT II - VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)**

80. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

81. Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), provides that one who misrepresents the nature, characteristics, or qualities of another's goods is liable in a civil action brought by one who believes that he "is or is likely to be" damaged by this misrepresentation.

82. WEEM manufactures and distributes the *Hair.Skin.Nail* Product and places such Product into the stream of commerce.

83. Surge stocks, displays, and resells new, genuine *Hair.Skin.Nail* Product, each bearing a true mark.

84. WEEM has submitted numerous complaints to Amazon that state that Surge sold counterfeit Product and infringed, inter alia, WEEM's trademarks.

85. The Product sold by Surge was not counterfeit.

86. WEEM's complaints have caused the suspension of Surge's selling privileges on Amazon.

87. WEEM's complaints have resulted in the permanent suspension of all Surge selling privileges on Amazon, which has caused extraordinary, irreparable, damage to a business that sells goods almost exclusively on e-commerce platforms.

**COUNT III - TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS**

88. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

89. Surge has had an advantageous business relationship with Amazon,

which allows Surge to sell on Amazon's e-commerce platform as a third-party seller.

90. Surge is also in a contractual relationship with Amazon, including through the Amazon Business Services Agreement.

91. At all relevant times, WEEM was aware of Surge's business relationship with Amazon, as well as Surge's contractual relationship with Amazon.

92. At all relevant times, WEEM was aware of Amazon's terms and conditions, as well as the advantageous business relationship that comes with being an Amazon seller.

93. WEEM intentionally and improperly interfered with Surge's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Surge was selling counterfeit Product.

94. WEEM's conduct directly and proximately caused disruption of Surge's relationship and contract with Amazon.

95. WEEM intended to cause Amazon to suspend Surge's ability to sell WEEM Product on Amazon and therefore interfere with the business relationship Amazon had with Surge.

96. WEEM had actual knowledge that their actions would cause Amazon to suspend Surge's ability to sell Product on Amazon.

97. WEEM's accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

98. WEEM's actions interfered with Surge's business relationship with Amazon and proximately caused Surge's listing of the Product to be suspended.

99. The intentions of WEEM are demonstrated by the fact that WEEM ignored Surge’s communications and failed to provide any evidence in support of their complaint and, nevertheless, refused to withdraw their complaint.

100. On information and belief, WEEM performed test purchases for counterfeit determination prior to alleging that the Product sold by Surge was counterfeit, and knew that the Product was not counterfeit.

101. WEEM’s accusations were false and were made maliciously and with ill will.

102. Surge has been damaged by suspension of these listings by losing revenue related to the Product and the subsequent shutdown of its entire storefront.

103. Surge is entitled to damages, costs and attorneys' fees as allowed by law.

104. Surge has suffered injury and, unless WEEM is enjoined from such activity, will continue to suffer injury.

**COUNT IV – COMMERCIAL DEFAMATION**

105. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

106. WEEM published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold “counterfeit” Product.

107. Plaintiff did not sell counterfeit Product.

108. WEEM’s false statements were injurious to Surge's business because they caused Amazon to suspend Surge's selling privileges related to the Product.

109. WEEM's false statements have caused injury to Surge's business by removing Surge's storefront from the Amazon marketplace, thereby resulting in the loss of potential customers.

110. Upon information and belief, WEEM was, at a minimum, negligent in making the false statements to Amazon because, among other things, WEEM knew that Surge sells genuine Product.

111. WEEM's false statements are not protected by any privilege.

112. WEEM acted with actual malice or with reckless disregard for the truth of the matter contained in WEEM's false statements to Amazon.

113. False statements that are directed to the honesty or lawfulness of a business amount to defamation *per se*.

114. WEEM's false statements constitute defamation *per se*.

115. Additionally, Surge incurred special harm, including, but not limited to, suspension from selling the Product and damage to its relationship with Amazon and its customers.

116. Whether by defamation per se or by special harm, Surge has suffered injury as Surge's selling privileges related to the Product have been suspended and Surge has lost sales of the *Hair.Skin.Nail* Product and other goods.

117. Surge is entitled to damages, costs, and fees as allowed by law.

118. Surge has suffered injury and, unless WEEM is enjoined from such activity, will continue to suffer injury.

**COUNT V - TRADE LIBEL**

119. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

120. WEEM knowingly published false and derogatory statements regarding Surge's business.

121. Specifically, WEEM published false and materially derogatory statements that Surge was selling counterfeit Product.

122. WEEM's statements that Surge was selling counterfeit Product were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Surge and interfered with Surge's business relationships with these parties.

123. As discussed above, on information and belief, WEEM knew that submitting false complaints to Amazon would cause Amazon to suspend Surge's product listings.

124. WEEM's false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Surge.

125. Surge suffered special damages as a result of WEEM's statements in the form of lost dealings.

126. As a result of WEEM's false rights owner complaint, Surge's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

127. Surge is entitled to damages, costs, and fees as allowed by law.

128. Surge has suffered injury and, unless WEEM is enjoined from such activity, will continue to suffer injury.

## COUNT VI – FALSE AND MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

129. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

130. This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

131. Surge and WEEM compete in vitamin sales.

132. Surge has a commercial interest in its commercial and business reputation.

133. Surge has established a business reputation as a popular and trusted seller of vitamin products on Amazon's online marketplace.

134. WEEM knowingly made false, misleading, disparaging and defamatory statements in commerce through the notices to Amazon of infringement relating to the Product associated with Surge's Storefront. These statements actually deceived Amazon and are likely to deceive and confuse the public (*i.e.*, Amazon's marketplace users) into believing that Surge's Product are counterfeit, thereby materially affecting their decision and ability to purchase from Surge's Storefront.

135. WEEM's takedown notices were designed to advance their business interests by removing Surge's listings from the Amazon marketplace thereby increasing WEEM's market share of customers interested in purchasing *Hair.Skin.Nails* Product.

136. WEEM made the above-referenced false and disparaging statements in commercial promotion of WEEM's own product, in direct competition with Surge's resale product, in an effort to drive sales away from Surge and toward WEEM.

137. The false and misleading representations made by WEEM to Amazon have had a material effect on Surge's customers' and prospective customers' decisions to do business with Surge because as a result of WEEM's Notices, Amazon has suspended Surge's Amazon storefront.

138. WEEM made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

139. Surge is informed and believes, and thereon alleges, that WEEM had no support whatsoever for the takedown notices that WEEM submitted to Amazon, and WEEM acted with the intent that Surge's offerings be removed from the Amazon marketplace in an effort to gain more market shares by forcing consumers to purchase WEEM branded goods directly from WEEM. By eliminating the secondary market created by Surge, WEEM obtained an economic advantage by direct sales that would have otherwise gone to the secondary market. WEEM thus, acted knowingly, willfully and maliciously with intent to injure Surge.

140. Surge's injuries fall within the zone of interest protected by the Lanham Act because WEEM's disparaging misrepresentations have caused Surge to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

141. WEEM's wrongful acts as alleged in this Complaint constitute false or misleading representation of fact, unfair competition and product disparagement under 15 U.S.C. § 1125(a).

142. The damages from Surge's economic and reputational injuries were directly caused by WEEM's false and misleading representations.

143. As a direct and proximate result of WEEM's actions, constituting false or misleading representation of fact, unfair competition and product disparagement, Surge has been damaged (both in the form of lost sales and indirect in the form of loss of goodwill/reputation) and is entitled to monetary relief in an amount to be determined at trial.

144. As a direct and proximate result of WEEM's actions, constituting false or misleading representation of fact, unfair competition and product disparagement, Surge has suffered and continues to suffer great and irreparable injury, for which Surge has no adequate remedy at law.

145. WEEM will continue their actions, constituting false or misleading representation of fact, unfair competition, and product disparagement, unless enjoined by this Court.

**COUNT VII – COMMON LAW UNFAIR COMPETITION**

146. Surge reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

147. Upon Surge's investigation, information and belief, WEEM has diverted Surge's goodwill with its customers and interfered with or attempted to interfere with Surge's contractual and business relationships with Amazon.com and Surge's customers for WEEM's own unlawful gain. Such conduct constitutes unfair competition under the common law of the State of Maryland.

148. WEEM's takedown notices were designed to advance its business interests by removing Surge's listings from the Amazon marketplace through fraudulent misrepresentations thereby increasing WEEM's market share of customers interested in purchasing WEEM branded goods.

149. For the purpose of influencing customers and potential customers to purchase WEEM's goods, WEEM made false and/or misleading written statements of fact concerning the goods sold by Surge in the Amazon marketplace, including without limitation reporting to Amazon.com that the goods Surge was selling on Amazon.com

were counterfeit, while knowing Surge had obtained items from the brand's own online storefront.

150. As a direct and proximate result of WEEM's conduct and unfair competition, Surge has suffered and will continue to suffer irreparable harm which cannot be adequately compensated by money damages alone.

151. Upon information and belief, WEEM had no support whatsoever for the takedown notices that WEEM submitted to Amazon, and WEEM acted with the intent that Surge's offerings be removed from the Amazon marketplace in an effort to gain market share by forcing consumers to purchase WEEM branded goods directly from WEEM. By eliminating the secondary market, WEEM obtained an economic advantage by direct sales that would have otherwise gone to the secondary market. Accordingly, WEEM acted knowingly, willfully and maliciously with intent to injure Surge.

152. WEEM's conduct and unfair competition is willful, wanton, and malicious, and constitutes outrageous conduct entitling Surge to an award of punitive damages in an amount to be determined at trial.

## EXEMPLARY DAMAGES

153. WEEM acted willfully and maliciously as alleged herein; therefore, Surge requests exemplary damages pursuant to all applicable Maryland and federal laws.

## ATTORNEY'S FEES

154. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth in this paragraph verbatim.

155. Given the nature of the conduct alleged, Surge posits that this is an exceptional case that warrants the award of attorney's fees. Surge seeks to recover from WEEM all of its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

## INJUNCTIVE RELIEF

156. By reason of the actions of WEEM, in violation of its common law and statutory obligations, Surge has suffered and will continue to suffer extreme hardship and irreparable harm. Without preliminary and permanent injunctive relief, Surge will continue to suffer the injuries, including:

(a) Loss of existing and future business;

(b) Loss of business opportunity;

(c) Loss of business reputation;

(d) Loss and misuse of confidential and proprietary information and trade secrets; and

(e) Loss of customer goodwill, confidence and trust.

## PRAYER FOR RELIEF

WHEREFORE, Surge prays for judgment as follows:

A. An order declaring that Surge has not infringed any valid and enforceable intellectual property right owned by WEEM and Surge is allowed to sell WEEM Product under the First Sale Doctrine;

B. An award of all damages that Surge has suffered as a result of WEEM's false representations and unfair competition;

C. An award of all damages that Surge has suffered as a result of WEEM's tortious interference;

D. An award of all damages that Surge has suffered as a result of WEEM's commercial defamation;

E. An award of all damages that Surge has suffered as a result of WEEM's trade libel;

F. An award of all damages and attorney's fees for violation of the Lanham Act;

G. An award of all costs and attorney's fees incurred in this action; and

H. Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Surge hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted:

*/s/ Rebecca S. LeGrand*
Rebecca S. LeGrand (Bar No. 18351)
LeGrand Law PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Phone: (202) 587-5725
rebecca@legrandpllc.com

**LOCAL COUNSEL FOR PLAINTIFF**

JONES, GREGG, CREEHAN & GERACE, LLP
Edward C. Spontak, *Pro Hac Vice Pending*
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
Phone: (412) 261-6400
Fax: (412) 261-2652
ecs@jgcg.com

**COUNSEL FOR PLAINTIFF**